# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYRELL WAYNE JONES,<br><br>Plaintiff,<br><br>v.<br><br>M. PITCHFORD, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00396-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIM AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITH LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS<br><br>ECF No. 1<br><br>ORDER TO ASSIGN CASE TO DISTRICT COURT JUDGE |

Plaintiff Dyrell Wayne Jones is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed February 27, 2019, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. We find that plaintiff has stated an Equal Protection claim against defendant Pitchford. We will recommend that plaintiff's remaining claims and all other defendants be dismissed without prejudice and that he be granted leave to amend the complaint.

**I.  SCREENING AND PLEADING REQUIREMENTS**

A district court is required to screen a prisoner's complaint seeking relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must

1

identify any cognizable claims and dismiss any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

**II.     COMPLAINT[1]**

Plaintiff alleges constitutional violations arising out of his confinement at Kern Valley State Prison ("KVSP"). *See* ECF No. 1 at 1. Plaintiff names four defendants, all of whom are employed by California Department of Corrections and Rehabilitation ("CDCR"): Warden C. Pfeiffer, Sgt. Walinga, Sgt. Pitchford, and Lt. R. Velasco. *Id.* at 2.

Plaintiff alleges:

---

[1] The court draws the facts of this section from plaintiff's complaint, ECF No. 1, and accepts them as true for purposes of screening.

2

> On 5-27-2018 (Sunday) during Ramadan, the [holy] month of fasting for Muslims, I was in the [chapel] area with the listed witnesses when about (16) sixteen [correctional officers ("c/o")] entered the room and told all [inmates] present to strip out. I was forced to stand naked in front of my peeps while ordered to "lift my nuts" and "spread my ass cheek"—all this while some officers laughed and made comments about my race and religion. When the search was complete I was told to exit the [chapel] and get my food without being provided the opportunity to wash my hand after touching my private area.
> C/o Pitchford, [who is now a sergeant,] and Sgt. Walinga searched me. Pitchford made the comment that he was "sick of these Muslims" and "turn around and let me see that butt." . . . Lt. R. [Velasco] failed in his duty to fully investigate the issue.

*Id.* at 3 (punctuation altered). Plaintiff alleges further facts in the administrative grievance attached to his complaint. *Id.* at 6-9. Plaintiff claims violations of his rights under the First, Fifth, and Fourteenth Amendments. *Id.* at 8. He prays for a wide range of relief, including damages and injunctions. *Id.* at 3.

**III. DISCUSSION**

**A. Requirements Under 42 U.S.C. § 1983**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). As for the second method, the plaintiff can establish a causal connection by showing that the defendant "set[] in motion a series of acts by others, or . . . knowingly refus[ed] to terminate a series of acts by others," which the defendant "knew or reasonably should have known would cause others to inflict a constitutional injury." *Id*.

All named defendants are state-prison employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). We next consider whether plaintiff sufficiently alleged facts to satisfy the causation requirement.

Plaintiff has plausibly alleged that defendants Pitchford and Walinga personally participated in or caused the alleged deprivations. Pitchford allegedly stated that he was "sick of these Muslims" as he strip-searched plaintiff in the chapel during Ramadan. ECF No. 1 at 3. Walinga searched plaintiff in the chapel alongside Pitchford. *Id.*

Plaintiff does not plausibly allege that the remaining defendants—Warden C. Pfeiffer and Lt. R. Velasco—personally participated in or caused the alleged deprivations. Plaintiff states no facts about Warden Pfeiffer; instead, plaintiff seems to rely on a theory of vicarious liability. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[V]icarious liability is inapplicable to *Bivens* and § 1983 suits[;] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). With regard to Velasco, plaintiff alleges only that he "failed in his duty to fully investigate the issue." ECF No. 1 at 3. This alleged failure to investigate is too remote from the alleged deprivation to constitute personal participation or causation.

The remaining question is whether Pitchford and Walinga violated federal law. Plaintiff contends that his rights under the First, Fifth, and Fourteenth Amendments have been violated. *See* ECF No. 1 at 8. Plaintiff's allegations do not support all the claims he seeks to bring. For instance, there is no Fifth Amendment right to be free from a discriminatory search. However, the alleged facts do implicate the Free Exercise clause, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Equal Protection clause; we will analyze whether plaintiff has stated such claims below.

**A. First Amendment Right to Free Exercise of Religion**

The Free Exercise Clause of the First Amendment prevents the government from making

laws "prohibiting the free exercise" of religion. U.S. Const. amend I. Prisoners "retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (internal citations omitted). "A prisoner's right to freely exercise his religion, however, is limited by institutional objectives and by the loss of freedom concomitant with incarceration. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (citing *O'Lone*, 482 U.S. at 348). A free exercise claim has two parts: (1) an initial showing that the belief at issue is both "sincerely held" and "rooted in religious belief," *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994); and (2) a secondary showing that the prison official substantially burdened the practice of plaintiff's religion by preventing plaintiff from engaging in conduct that he sincerely believes is consistent with his faith, *Shakur v. Schriro,* 514 F.3d 878, 884-85 (9th Cir. 2008). "A substantial burden exists where the governmental authority puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Int'l Church of Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1067 (9th Cir. 2011) (internal citations and quotation marks omitted).

Plaintiff has not alleged facts that state a cognizable claim for violation of his First Amendment right to free exercise of his religion. Plaintiff has sufficiently alleged that he has a sincerely held belief, *see* ECF No. 1 at 8, but he fails to state facts showing that the named defendants substantially burdened his exercise of religion. Plaintiff alleges that defendants Pitchford and Walinga discriminately searched him in his place of worship during Ramadan, but he does not state that he was prevented from engaging in practices consistent with his religion by any named defendant.[2] Indeed, his complaint does not state that he was practicing his religion at all during the search. In short, plaintiff has failed to state a Free Exercise claim.

---

[2] Plaintiff states that, after the search, he was not provided with an opportunity to wash his unclean hands before eating in contravention of his religion. These allegations may be sufficient to state a claim, but plaintiff does not attribute this potential deprivation to any named defendant. Therefore, his allegations fail to state a claim. *See Soo Park*, 851 F.3d at 918 ("To make out a cause of action under Section 1983, [the] plaintiff[ ] must plead that (1) the defendant[ ] acting under color of state law (2) deprived plaintiff[ ] of rights secured by the Constitution or federal statutes."). If plaintiff can attribute this alleged deprivation to a specific person or persons, he may be able to state a Free Exercise claim in an amended complaint.

5

## B. RLUIPA

RLUIPA prevents the government from imposing "a substantial burden on the religious exercise" of prisoners, "unless the government demonstrates that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The showing for a "substantial burden" under RLUIPA is generally the same as for a First Amendment free exercise claim. *Int'l Church of Foursquare Gospel*, 673 F.3d at 1067; *see Hartmann*, 707 F.3d at 1124-25. Therefore, for the same reasons that plaintiff has failed to state a cognizable free exercise claim, plaintiff has not stated a cognizable claim for violation of RLUIPA.

## B. Equal Protection

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). A prisoner is entitled to "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (quoting *Cruz v. Beto*, 405 U.S. 319, 321-22 (1972) (per curiam)). To state a claim, a plaintiff must allege facts showing that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. *See Cruz*, 405 U.S. at 321-22; *Shakur*, 514 F.3d at 891; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). However, the Equal Protection Clause does not require "that all prisoners must receive identical treatment and resources." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013).

Construing the complaint liberally, we find that plaintiff has alleged facts sufficient to state an Equal Protection claim against defendant Pitchford. Plaintiff alleges that Pitchford strip-searched him in the chapel in front of his peers during Ramadan. ECF No. 1 at 8. During the search, Pitchford allegedly commented that he was "sick of these Muslims" and told plaintiff to

"turn around and let me see that butt." *Id.* Pitchford's alleged comments allow us to infer discriminatory intent. The timing and location of the incident—during Ramadan in the chapel—allow the further inference that defendant withheld from plaintiff a reasonable opportunity to pursue his faith compared to other similarly situated religious groups.

Plaintiff's allegations fail to state a claim against defendant Walinga. Plaintiff alleges only that Walinga participated in the search. He has not, however, alleged facts sufficient to infer that Walinga had a discriminatory intent.

### IV. CONCLUSION

We have screened plaintiff's complaint and find that plaintiff has stated an Equal Protection claim against defendant Pitchford. We recommend that plaintiff's remaining claims and the remaining defendants be dismissed without prejudice and that plaintiff be granted leave to amend the complaint.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not fundamentally alter his complaint or add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa*

*County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

V. **RECOMMENDATIONS**

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. *Id.* Thus, the undersigned submits the following findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l):

1. Plaintiff states an Equal Protection claim against defendant Pitchford.
2. Plaintiff's remaining claims and defendants should be dismissed without prejudice, and plaintiff should be granted leave to amend the complaint.
3. If plaintiff files an amended complaint, defendant Pitchford should not be required to respond until the court screens the amended complaint.

Within fourteen days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: June 5, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 203