UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYRELL WAYNE JONES,<br><br>Plaintiff,<br><br>v.<br><br>M. PITCHFORD, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00396-DAD-JDP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF No. 24<br><br>ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTION<br><br>ECF No. 15 |

Plaintiff Dyrell Wayne Jones is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On September 3, 2019, Jones filed a motion requesting appointed of counsel. ECF No. 24. Jones submits that he is unable to afford counsel, in administrative segregation, on dialysis, and has only limited access to a limited law library. *Id.*

Jones does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998), and the court lacks the authority to require an attorney to represent plaintiff, *see Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). This court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will

1

seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not unusually complicated and, based on a review of the record, plaintiff appears able to articulate his claims adequately. In addition, at this stage in the proceedings, plaintiff has not demonstrated a likelihood of success on the merits.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel. Accordingly, plaintiff's motion for the appointment of counsel, ECF No. 24, is denied without prejudice.

Finally, plaintiff's miscellaneous motion, ECF No. 15, which seeks the return of certain documents, is denied. I believe Jones is seeking the return of documents attached to his initial complaint. *See* ECF No. 1. But that initial complaint has been fully replaced by Jones's first amended complaint, which does not contain those attachments. *See* ECF No. 17. No documents have been stricken from Jones's submissions, including his initial complaint, and I see no reason to strike any now. More broadly, Jones asks the court to "show some leeway" as it is "his first time filing in this court." ECF No. 15 at 1. It has long been the law of the United States that documents filed by parties without lawyers are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations and quotations omitted). I assure Jones that this longstanding legal standard will be applied to his case.

IT IS SO ORDERED.

Dated:    September 19, 2019                                                                         
                                                                                      UNITED STATES MAGISTRATE JUDGE