UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYRELL WAYNE JONES, | Case No. 1:19-cv-396-DAD-HBK |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL REGARDING IDENTITIES OF PLAINTIFF'S WITNESSES |
| v. | |
| J. WALINGA, M. PITCHFORD, | (Doc. No. 50) |
| Defendants. | |

Plaintiff Dyrell Wayne Jones is a state prisoner proceeding *in forma pauperis* in his civil rights action brought under 42 U.S.C. § 1983. Pending before the Court is Defendants' motion to compel Plaintiff to provide the identities of his witnesses to the incident to Defendants (Doc. No. 50-1) and attached Declaration of Joanne Chen (Doc. No. 50-2), filed October 23, 2020. Plaintiff did not file an opposition to the motion.

**I. BACKGROUND**

In summary, Defendants state that they have asked Plaintiff both during his deposition and in interrogatory questions provided on August 26, 2020 to identify all witnesses who could provide testimony supporting Plaintiff's contentions in this case. Specifically, Defendants requested:

> Walinga Interrogatory 5- Identify all witnesses, by name and CDCR numbers, who support Plaintiff's contention that Walinga made

>    sexually inappropriate remarks against him during chapel search on or about May 27, 2018.
>
>    Pitchford and Walinga Interrogatory 6- Identify all witnesses, by name and CDCR number, who supported Plaintiff's contention that Defendants each discriminated against him based on his race during the chapel search on or about May 27, 2018.
>
>    Pitchford Interrogatory 6 and Walinga Interrogatory No. 7 requested that Plaintiff identify all witnesses, by name and CDCR number, who supported his contention that Defendants each discriminated against him based on his religious during chapel search on or about May 27, 2018.

(Doc. No. 50-1 at 1-2). Defendants note that Plaintiff filed responses and objections to the Interrogatories, failing to answer these questions. (*Id.* at 2) (citing Doc. No. 50-2 at 8). During Plaintiff's deposition, he acknowledged knowing the identities of his witnesses, but explained he was unwilling to provide the names because he wanted to speak with those witnesses first. (*Id.* at 2).

## II.  APPLICIABLE LAW AND ANALYSIS

### A.  Rule 26- Scope of discovery generally

"[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount of controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs the benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) (emphasis added). District courts have "broad discretion to manage discovery." *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011).

### B.  Fed. R. Civ. P. 37, Local Rule 251 - Motions to Compel

A party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a

2

failure to object to discovery requests within the time period constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 949 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).  The moving party bears the burden of demonstrating "actual and substantial prejudice from the denial of discovery." *See Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

Here, Plaintiff did file an opposition to the Defendants' motion to compel, which may be "construed by the Court as a non-opposition to the motion." Local Rule 230 (c).  Nonetheless, the Court finds that the witnesses' identities are not subject to any privilege and witnesses to the incident who may have knowledge of the incident is clearly relevant.  The Court will grant Defendants' motion to compel.  The Court warns Plaintiff that if he fails to provide this highly relevant information to Defendants, he may be precluded from using testimony or statements provided by these witnesses in opposition to a dispositive motion or at trial.

Accordingly, it is **ORDERED**:

1. Defendants' motion to compel Plaintiff to provide the identities of his witnesses to the incident to Defendants (Doc. No. 50) is **GRANTED**.

2. Within **fourteen (14) days** from receipt of this Order, Plaintiff shall provide to Defendants a response that: identifies all witnesses, by name and CDCR number, who support Plaintiff's allegations that Defendants each discriminated against him, based on his race, or otherwise, and/or made sexually inappropriate comments, during the chapel search on or about May 27, 2018.

IT IS SO ORDERED.

Dated: June 16, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE