UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYRELL WAYNE JONES,<br><br>Plaintiff,<br><br>v.<br><br>M. PITCHFORD, J. WALINGA,<br><br>Defendants. | Case No. 1:19-cv-00396-DAD-HBK<br><br>ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. No. 52)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR DISCOVERY TO LIMITED EXTENT<br><br>(Doc. No. 54). |

Plaintiff Dyrell Wayne Jones is a state prisoner proceeding *pro se* on his screened First Amended Complaint ("FAC") against Defendants Walinga and Pitchford alleging: (1) Free Exercise claims; (2) claims under the Religious Land Use and Institutional Persons Act;[1] and (3) Equal Protection Claims. (Doc. Nos. 17, 18, 20, 29).

Pending before the Court is Plaintiff's pleading titled "Motion to Compel the Defendants to Answer Admission and Interrogatory for Lt. Velasco, CDW[2] Goss, and the Release of Defendants' Personnel Files" filed on December 2, 2020. (Doc. No. 52, "MTC"). The Court

---

[1] The previously assigned Magistrate Judge issued the screening order. (Doc. No. 20). The undersigned notes that the RLUIPA does not subject state prison officials to liability in their individual capacities. *Wood v. Yordy*, 753 F.2d 899, 900 (9th Cir. 2014).
[2] Chief Deputy Warden.

construes the MTC as brought pursuant to Fed. R. Civ. P. 37.  Defendants filed a response in opposition to the motion.  (Doc. No. 53).  In support of their opposition, Defendants submit a declaration from Joanne Chen, a copy of their Responses and Objections in response to Plaintiff's discovery requests, along with some of Plaintiff's propounded discovery requests.  (Doc. Nos. 53, 53-1, "Opposition").  Plaintiff filed a reply to Defendants' Opposition.  (Doc. No. 54, "Reply").  This matter is ripe for review.

## I. BACKGROUND

According to the FAC, the incident giving rise to the cause of action occurred at chapel, during Ramadhan, wherein defendants strip-searched Plaintiff, in front of other inmates, while making race/religion-based comments.  (Doc. No. 17 at 1-2).  Further, after the strip search, Defendants refused to permit Plaintiff an opportunity to wash his hands prior to eating.  (*Id.*).

In his MTC, Plaintiff states he requested through discovery the "personnel files of Defendants" but Defendants objected on the basis of "privilege."  (Doc. No. 52 at 1-2).  Plaintiff argues the Defendants' personnel files are necessary for him "to establish the Defendants' conduct and work history," and show whether they have "the propensity to commit [sic] the actions their [sic] being accused of."  (*Id.* at 2-3).  Alternatively, Plaintiff requests that Defendants be required to produce the files to the Court for inspection and review.  (*Id.* at 3).  Plaintiff also requests that defense counsel, Ms. Chen, be compelled to serve his First Set of Admissions, Interrogatories and Requests for Production of Documents upon Lt. Velasco and CDW Goss.  (*Id.* at 3).

In their Opposition, Defendants state Plaintiff never asked for production of Defendants' "personnel files" in discovery.  (Doc. No. 53 at 1).  They also argue such request is overbroad and not reasonably calculated to lead to admissible discovery.  (*Id*).  With regards to Plaintiff's discovery directed on non-parties Velasco and Goss, counsel for Defendants explains that she does not represent these individuals and discovery upon non-parties is improper.  (*Id.* at 1-3).

In his Reply, Plaintiff acknowledges that although he technically referred to Defendants' "entire personnel files" as the documents he is requesting, he is only seeking "any and all recorded incidents of misconduct" from Defendants.  (Doc. No. 54 at 2).  Plaintiff also seeks a

2

60-day extension to the discovery period in order that he may propound appropriate discovery directly on Lt. Velasco and CDW Goss, given defense counsel's representations that she does not represent these individuals. (*Id*. at 5).

## II. APPLICIABLE LAW

### A. Rule 26- Scope of discovery generally

"[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount of controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs the benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) (emphasis added).

District courts have "broad discretion to manage discovery." *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011); *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). The party seeking to compel discovery bears the burden of establishing his request satisfies the relevancy requirements of Rule 26. *Bryant v. Ochoa*, No. 07-cv-200-JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). Once the relevancy requirement is satisfied, "the party opposing discovery as the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Id*.

### B. Fed. R. Civ. P. 37, Local Rule 251 - Motions to Compel

A party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time period constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 949 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). The moving party bears the

3

burden of demonstrating "actual and substantial prejudice from the denial of discovery." *See Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

## III. ANALYSIS

### A. <u>Discovery Against Non-Parties</u>

At the outset, the court found no cognizable claims stated against Pfeiffer and Velasco and these individuals were dismissed from the case. (*See*. Doc. No. 17, 18, 20, 29). In his Reply, Plaintiff appears to concede that he cannot obtain discovery from these non-parties from counsel for Defendants. (Doc. No. 54 at 7). Plaintiff is advised that there are procedures for discovery directed at non-parties. *See* Fed. R. Civ. P. 45. Plaintiff has not complied with those procedures to the extent he mailed requests for discovery for non-parties to counsel for Defendants. Thus, to the extent Plaintiff's MTC seeks to compel responses from non-parties, the MTC is denied without prejudice. The Court, however, will permit Plaintiff a 60-day extension of time, as requested in his Reply, to attempt to properly obtain this discovery under Rule 45. (Doc. No. 54 at 7).

### B. <u>Defendants' Personnel Files</u>

Regarding Plaintiff's request for Defendants' entire personnel records, Plaintiff served each Defendant with a Request for Production on July 23, 2020. (Doc. 53-1, ¶ 2; Exhs. A, B). The propounded discovery confirms that Plaintiff never request the "personnel files of Defendants," which Plaintiff now does not dispute. (*See* Doc. No. 54 at 2) (stating "plaintiff has made it very clear that all that is needed from . . . the personnel files are 'any and all recorded incidents of misconduct.'"). The document requests did, however, at Request for Production No. 4, ask each Defendant to produce:

> Any and All Documents, files, Former Complaints, Disciplinary Actions, Violations, Sexual Harassment Claims or Violations Against Named Defendants.

(Doc. 53-1 at 8; 16). Defendants objected to this request as "vague, ambiguous, and unduly burdensome," "not relevant," not proportional to the needs of the case" and, to the extent they interpreted it as requesting Defendants' "personnel-related files" as privileged. (*Id.*).

The Court rejects Defendants' boilerplate objections that Plaintiff's requested documents

are "vague, ambiguous, and unduly burdensome." The document request, as further amplified by Plaintiff's letters to counsel clearly define what Plaintiff is seeking –namely, any reports or complaints lodged against the defendants for misconduct in their capacity as correctional officers from the date they began working at CDCR to the date of alleged incident involving Plaintiff. *See* Doc. No. 54 at 2. Plaintiff argues he requires other reports of misconduct against Defendants "to show a propensity of such action."

The Court finds Plaintiff has established that other disciplinary actions and claims of sexual harassment against the Defendants are relevant to the claims asserted in the FAC. Courts have recognized in § 1983 actions that evidence of other misconduct against the defendant may be used for purposes other than character evidence, for example to show bias or a pattern or practice of unprofessional behavior. *Taylor v. O'Hanneson*, No. 11-CV-00538-LJO, 2014 WL 2696585, at *5 (E.D. Cal. June 13, 2014); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 412 (C.D. Cal. 2005). Moreover, to the extent Defendants raise an objection as unduly burdensome, it is unclear on this record what basis supports unduly burdensome, or the duration of Defendants' respective employment with the CDCR for which staff complaints could have spanned.

The burden now shifts to Defendants to show the requested documents are otherwise prohibited from discovery. Defendants in their Opposition only objected to the extent that Plaintiff seeks "the personnel files of Defendants." As noted, Plaintiff concedes in his Reply, and indeed in his letters to defense counsel explaining his requests, that what he is seeking is any complaints or reports by other inmates of misconduct against the Defendants. To the extent that Defendant objects that this information is privileged, the Court disagrees.

The case cited by Defendants in Opposition notes that "governmental personnel files" are considered official information and are privileged, but further recognizes a balancing of the interests. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir. 1990). Indeed, "[a]lthough the court may, of course, take into account legitimate privacy interests that might be implicated in the disclosure of documents and information, privacy concerns are not absolute; they must be weighed against other competing interests." *Taylor*, 2014 WL 2696585 *5 (citing *Ramirez*, 231 F.R.D. at 411). As recognized,

5

> Most information requested by civil rights plaintiffs in these lawsuits deals with professional personnel records, such as prior involvement in disciplinary proceedings or citizen complaints filed against the officers. The privacy interest in this kind of professional record is not substantial, because it is not the kind of "highly personal" information warranting constitutional safeguard. The privacy interest in nondisclosure of professional records should be especially limited in view of the role played by the police officer as a public servant who must be accountable to public review.

*Ramirez*, 231 F.R.D. at 411.

Here, Plaintiff confirms he does not seek the entire personnel file and instead seeks only past complaints or reports by other inmates of misconduct against the Defendants. As stated above, this information is discoverable and highly relevant to showing propensity and character, or to show bias, or a pattern or practice of unprofessional behavior. Thus, the information Plaintiff seeks is not highly personal information warranting safeguarding. Plaintiff's interest outweighs Defendants' asserted privilege or privacy concerning production of these reports.

Defendants claim they produced "staff complaint" and attach a one-page summary sheet reflecting "staff complaints" filed against each Defendant. (*See e.g.* Doc. No. 53-1 at 41-42). The one-page summary is redacted and indicates only the number of complaints filed against each defendant and the institutional finding that the staff did not violate any policy. (*Id*). The report does not indicate the nature of the reported complaint or grievance involved, to the extent it may, or may not, be relevant to Plaintiff's claims. (*Id.*). The Court finds the summary report insufficient in response to Plaintiff's document request.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Compel (Doc. No. 52) is DENIED to the extent it seeks: (a) Defendants' entire personnel files; (b) responses to interrogatories or requests for admission from non-party Lt. Velasco; and (c) responses to interrogatories or requests for admission from non-party CDW Goss.

2. Plaintiff's Motion to Compel (Doc. No. 52) is GRANTED to the extent that Defendants shall produce within fourteen (14) days of the date on this Order:

> Any and All Documents, files, Former Complaints, Disciplinary Actions, Violations, Sexual Harassment Claims or Violations Against Named Defendants.

6

3. Plaintiff's request for a sixty-day (60) extension of time for discovery included in his Reply (Doc. No. 54) is GRANTED, *to the limited extent* the discovery deadline is extended only for the purposes of Plaintiff seeking discovery from non-parties Lt. Velasco and CDW Goss.

IT IS SO ORDERED.

Dated: June 24, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE