UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYRELL WAYNE JONES, | Case No. 1:19-cv-00396-DAD-HBK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO CONTACT INMATE WITNESSES WITHOUT PREJUDICE |
| v. | |
| M. PITCHFORD, J. WALINGA, | (Doc. No. 55) |
| Defendants. | |

Plaintiff Jones is a state prisoner proceeding *in forma pauperis* in his screened First Amended Complaint brought under 42 U.S.C. § 1983. (Doc. Nos. 17, 18, 20, 29). Pending before the Court is Plaintiff's motion to subpoena or otherwise contact inmate witnesses. (Doc. No. 55). It appears Plaintiff wishes to have contact with the other inmates he believes witnessed the events giving rise to the cause of action. (*Id.* at 1-2). Defendants did not file a response to this motion. (*See* docket).

In his motion, Plaintiff states he delivered a list of potential witnesses to "CCI Vargas" but has not been able to have contact, by telephone, or otherwise with any of the witnesses. (*Id*. at 2). Plaintiff also states his attempt to send communication to one witness, "Bell," was denied by a CDCR Policy that prohibits communications between inmates. (*Id.* at 2-3). Plaintiff requests that Defendants be ordered to provide him with access and/or a means for him to be able to communicate with his witnesses. (*Id.* at 1).

While Defendants' non-response could be deemed no opposition, *see* Local Rule 230(c), Plaintiff's motion is lacking the requisite specificity for the Court to grant him the relief he seeks. Other than inmate "Bell," the motion is devoid of any identifying information in order that the Court can direct the Clerk to issue subpoenas under Fed. R. Civ. 45. Further, the Court recently granted Defendant's motion to compel so they can ascertain who Plaintiff believes are his inmate witnesses. (*See* Doc. No. 60). Once Plaintiff provides this information to Defendants, and Defendants are able to confirm that the identified inmates were witnesses to the incident giving rise to the cause of action, or related thereto, then the parties must determine a way for Plaintiff to have contact with these witnesses for purposes of this action.

Upon further review of the docket,[1] the Court notes that a previous settlement conference was derailed due to Plaintiff's serious medical issue. *See* Doc. Nos. 27, 28, 31. Plaintiff has indicated his willingness to engage in settlement negotiations, and Defendants have concurred they would be willing to have this case reset for a settlement conference. (Doc. Nos. 33, 38). Consequently, absent any objections from any party, the Court will schedule this matter for a settlement conference by separate order.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to subpoena or otherwise contact inmate witnesses (Doc. No. 55) is DENIED, without prejudice.

2. Absent any party filing an objection **within fourteen (14) days** from the date on this Order, the Court will reschedule this matter for a settlement conference by separate order.

IT IS SO ORDERED.

Dated: June 24, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] This case was reassigned to the undersigned on November 17, 2020. (Doc. No. 10).