UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYRELL W. JONES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. WALINGA, M. PITCHFORD,<br><br>　　　　　　Defendants. | Case No. 1:19-CV-00396-DAD-HBK<br><br>FINDINGS AND RECOMENDATIONS DENYING PLAINTIFF' MOTION FOR TEMPORARY RESTRAINING ORDER/APPOINTMENT OF A PRIVATE INVESTIGATOR<br><br>(Doc. No. 58)<br><br>TWENTY-ONE DAY OBJECTION PERIOD[1] |

Pending before the Court is Plaintiff's Motion for a Temporary Restraining Order/Appointment of a Private Investigator filed April 23, 2021. (Doc. No. 58). No response in opposition has been filed. (*See* docket). Although labeled as seeking a temporary restraining order, Plaintiff in fact requests the Court to appoint a private investigator, so he may contact inmates who are witnesses in this case on his behalf. (*Id.* at 2-3). For the reasons stated below, the undersigned recommends Plaintiff's motion be denied in its entirety.

## I. BACKGROUND & FACTS

Plaintiff Dyrell Jones, a state prisoner, initiated this action on February 27, 2019, by filing a *pro se*, 42 U.S.C. § 1983 complaint against correctional officials at Kern Valley State Prison

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

including: Warden Pfeiffer, Sergeant Walinga, Lieutenant Velasco, and Sergeant Pitchford. (Doc. No. 1 at 1-2). Jones alleges a violation of his constitutional rights stemming from an incident where Defendants made him strip and then performed body-cavity and visual searches on him in chapel during Ramadan while making insulting comments about Muslim inmates. (Doc. No. 1 at 1-3). Jones proceeds in this action on in his First Amended Complaint. (Doc. No. 18). At the screening stage, the former magistrate recognized the following claims against Defendants Walinga and Pitchford: (1) Free Exercise, (2) Religious Land Use and Institutionalized Persons Act; and (3) Equal Protection. (*Id*. at 2).

In the instant motion Jones complains that since he filed the suit, he has been subjected to retaliation, such as cell searches and pat downs. (*Id*. at 1). Jones seeks the appointment of a private investigator to assist him with contacting other inmates who observed the incident that gave rise to this action. (Doc. No. 58 at 2). Jones does not identify these witnesses by name, or otherwise identify them. (*Id.* at 1-4). Jones states that the appointment of a private investigator will assist him to gain access to these unidentified inmates, will ensure his due process rights are protected, and will help him to gather inmate statements. (*Id.* at 2).

This is not the first time the Court has heard of alleged witnesses to the incident giving rise to this action or the parties' mutual requests for access to the witnesses, or information about them. Defendants previously filed a motion to compel Jones to provide them with the names and CDCR numbers of the witnesses, who may be inmates. (Doc. No 50). On June 17, 2021, the Court granted Defendants' motion to compel directing Jones to provide the names of the witnesses and CDCR numbers. (Doc. No. 60). Further, Jones filed another motion requesting assistance from the Court to contact these inmate-witnesses. The Court denied Jones' motion without prejudice, directing Jones to provide the names of the witnesses to defense counsel in order that counsel can determine a way for him to have access to these witnesses. (*See* Doc. No. 63).

## II. APPLICIABLE LAW

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a

verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a). Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. L.R 231 (a)-(b) (E.D. Ca. 2019). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A temporary restraining order, is "an extraordinary remedy" and may be issued only if Plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A TRO will not issue if Plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. *Id.* at 1131.

The injunctive relief an applicant requests must relate to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief. *Id.* at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020). If a prisoner has been transferred, any sought injunctive relief against the previous facility becomes moot if the prisoner "has demonstrated no reasonable expectation of returning to [the prison]." *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991); *Florence v. Kernan*, 813 F. App'x 325, 326 (9th Cir. 2020). Finally, state governments have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs." *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations omitted). This deference applies even more strongly when the court is asked to involve itself in the administrative decisions of a prison. *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

### III. DISCUSSION

Having reviewed the motion, the Court does not find that Jones has satisfied his burden to justify issuing a TRO. At the outset, Jones does not address any of the factors to warrant issuance of a TRO. Further, the relief Jones seeks does not relate to the claims brought in the complaint. *See Pac. Radiation Oncology.*, 810 F.3d at 633. The Court does not have authority to hire a private investigator on behalf of Jones to aid him in prosecuting his case.

4

What Jones really seeks is the ability to communicate with his witnesses, some of whom may still be inmates. To date, however, Jones has not disclosed who these witnesses are to the Court or to defense counsel. Both Jones and Defendant must have the ability to conduct discovery in this case and deposing or obtaining statements from potential witnesses to the incident clearly is relevant discovery. As mentioned above, Jones was directed to provide the names of the witnesses to defense counsel. This first step must be accomplished before the parties can determine how best to permit Jones with a way to contact the witnesses given their status as inmates.

According, it is **RECOMMENDED**:

Plaintiff's motion for temporary restraining order/appointment of private investigator (Doc. No. 58) be denied.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: June 28, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5