UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYRELL WAYNE JONES,<br><br>Plaintiff,<br><br>v.<br><br>J. WALINGA; ET. AL.,<br><br>Defendants. | Case No. 1:19-cv-00396-DAD-HBK<br><br>**ORDER SCHEDULING SETTLEMENT CONFEFENCE**<br><br>Doc. No. 66. |

Plaintiff, who is proceeding *pro se*, filed a 42 U.S.C. § 1983 civil rights action as a prisoner and is currently incarcerated at Salinas Valley State Prison. The Court determines that this case will benefit from a settlement conference and the parties 14-day period to object has expired. (Doc. No. 63). Therefore, this case is referred to Magistrate Judge Erica P. Grosjean to conduct a settlement conference, which is scheduled to occur on **August 19, 2021 at 10:30 a.m.**

Accordingly, it is hereby **ORDERED**:

1. A settlement conference is scheduled to occur on August 19, 2021 at 10:30 a.m. before Magistrate Judge Erica P. Grosjean at the U.S. District Court, 2500 Tulare Street, Fresno, California 93721.

2. The manner of the parties' appearance at the settlement conference may be amended to reflect the Court's policies at the time of the settlement conference related to the COVID-19 pandemic and will likely include either a Zoom videoconference or a

teleconference.

3. A representative with full and unlimited authority to negotiate and enter into a binding settlement agreement shall attend in person.[1]

4. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

5. Defendants shall provide a confidential settlement statement no later than **August 11, 2021** to the following email address: epgorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement, clearly captioned "Confidential Settlement Conference Statement," Attn: Magistrate Judge Erica P. Grosjean, United States District Court, 2500 Tulare Street, Room 1501, Fresno, CA 93721 so that it arrives **no later than August 11, 2021.** Parties shall also file a Notice of Submission of Confidential Settlement Conference Statement (See Local Rule 270(d)).

6. Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

7. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case.

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
    c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
    d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.
    e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.
    f. If the parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.
8. The **Clerk of the Court** is directed to serve a copy of this order on the Litigation Office at Salinas Valley State Prison.

Dated: _July 14, 2021_

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

Cc: Michelle Rooney, CRD

3