1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DYRELL WAYNE JONES,                      Case No.  1:19-cv-00396-DAD-HBK

12                  Plaintiff,                ORDER GRANTING MOTION FOR
                                              CLARIFICATION AND MOTION FOR
13          v.                                ENLARGEMENT OF TIME

14   J. WALINGA, ET. AL.,                     (Doc. No.  65)

15                  Defendants.

16

17          Pending before the Court is Defendants' motion for clarification and supporting

18   declaration of attorney Alice M. Segal.  (Doc. Nos. 65, 65-1, "Motion").  The Motion seeks

19   clarification of the Court's June 25, 2021 Order (Doc. No. 62) and an enlargement of time to

20   comply with the Court's June 25, 2021 Order.  (*See generally* Doc. No. 65).

21          As background, the Court's June 25 Order granted in part and denied in part Plaintiff's

22   motion to compel.  (Doc. No. 62 at 6-7).  To the extent Plaintiff's motion to compel was granted,

23   the June 25 Order directed Defendants to produce "any reports or complaints lodged against

24   defendants for misconduct in their capacity as correctional officers from the date they began

25   working at CDCR to the date of the alleged incident involving Plaintiff."  (*Id.* at 5).  The deadline

26   to produce the documents was fourteen days of the date on the order.  (*Id.* at 6).  Defendants'

27   Motion seeks a sixty-day enlargement of time to the above-referenced deadline to produce the

28   documents to Plaintiff, explaining that the Litigation Coordinator at Kern Valley State Prison is

on vacation until July 19, 2021 and he is solely responsible for gathering the documents. (*See* Doc. No. 65 at 2-3; Doc. No. 65-1 at 2). Additionally, Defendants' Motion seeks clarification as to whether Defendants may redact third-party inmates' identifying information from the documents. (Doc. No. 65 at 3-5). Defendants submit that third-party inmates do not have any involvement in the facts underlying this case and have not consented to having their grievances released to the Plaintiff. (*Id.* at 4). Defendants further note that a review of the June 25 Order shows the substance of the production is directed at the facts contained in the grievances, not the identity of the inmate making the grievance. (*Id.* at 5). Defendants argue that the third-party inmates have an interest in confidentiality or face increased risk in an already dangerous environment given the content of the grievances. (Doc. No. 65 at 5; *see also* Doc. No. 65-1 at 2).

In his motion to compel, Plaintiff did not request the third-party inmates' names. To the extent Defendants are concerned about disclosure of the third-party inmates' identities in this production, the Court agrees that redaction of the inmates' identities is proper. *Lamon v. Adams*, No. 1:09-cv-00205-LJO-SKO-PC, 2010 WL 4513405 *3 (E.D. Ca. Nov. 2, 2010). Indeed, the Court may limit the scope of discovery to protect the privacy interests of litigants and other third parties. *Id.* Additionally, the Court find Defendants have shown good cause to warrant a sixty-day enlargement of time to produce the relevant documents.

Accordingly, it is **ORDERED**:

1. Defendants' motion for clarification (Doc. No. 65) is GRANTED and the third-parties inmates' identities shall be redacted.

2. Defendants' motion for an enlargement of time (Doc. No. 65) is GRANTED and Defendants shall produce the documents as directed in the June 25 Order, clarified by the instant order, on Plaintiff **no later than September 17, 2021**.

Dated:    July 14, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE