UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYRELL WAYNE JONES, <br><br> Plaintiff, <br><br> v. <br><br> J. WALINGA; ET. AL, <br><br> Defendants. | Case No. 1:19-cv-00396-DAD-HBK <br><br> FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO FIND DEFENDANTS IN BREACH OF SETTLEMENT AGREEMENT <br><br> FOURTEEN-DAY OBJECTION PERIOD <br><br> (Doc. No. 80) |

Plaintiff Dyrell Wayne Jones is a state prisoner and proceeds *pro se* and *in forma pauperis* in this closed civil rights action pursuant to 42 U.S.C. § 1983. *See* Order dated September 10, 2021, directing Clerk of Court to close action based upon parties' notice of voluntary dismissal with prejudice under Fed. R. Civ. P. 41 (a)(1)(A)(ii). (Doc. No. 79).

Pending before the Court is Plaintiff's "motion to enforce settlement agreement" filed on February 2, 2022, claiming Defendants are in default of the settlement agreement. (Doc. No. 80). Defendants filed an opposition, attaching exhibits and a declaration from attorney Alice M. Segal in support. (Doc. Nos. 82, 82-1). Because the facts demonstrate Plaintiff timely received the settlement funds, the undersigned recommends the District Court deny Plaintiff's motion.

Plaintiff contends that Defendants failed to deposit the settlement funds into his inmate trust account within 180 days from the date Plaintiff delivered the signed settlement agreement and related forms to Defendants, which was a violation of the settlement agreement. (Doc. No.

80 at 1). As a result, Plaintiff requests one of three remedies: (1) sanction Defendants $500.00 to be paid to Plaintiff by each Defendant; (2) enforce the settlement agreement; or (3) set aside the settlement and allow Plaintiff to proceed in the action.  (*Id.* at 1-2).

In opposition, Defendants state the settlement funds were timely paid to Plaintiff within 180 days as evidenced by the proof of payment and confirmation letter defense counsel received from Plaintiff dated February 14, 2022.  (Doc. No. 82 at 1) (citing Doc. No. 82-1 at 11-13).  Specifically, the case settled after a settlement conference held on August 17, 2021.  (Doc. No. 75; Doc. No. 82 at 2).  The parties had 120 days to file dispositional documents with the Court.  (Doc. No. 75).   On August 19, 2021, Defendant sent Plaintiff a stipulated notice of voluntary dismissal and Settlement Agreement and Release to execute, both which he executed and returned to Defendants on August 31, 2021.  (Doc. No. 82-1 at ¶¶ 3-4).  The Defendants then filed the executed stipulation for voluntarily dismissal on September 9, 2021.  (Doc. No. (*Id.*).  Thus, dispositional documents were timely filed with the Court within 120 days.

Pursuant to the terms of the Settlement and Release, CDCR had 180 days from the date Plaintiff delivered the signed stipulation for voluntary dismissal and Settlement Agreement and Release to Defendant to pay the settlement amount.  (Doc. No. 82-1 at 5, ¶4).  Thus, Defendant had until Monday, February 28, 2022, to deposit the settlement amount into Plaintiff's inmate trust fund account.  The exhibits submitted by Defendants evidence that CDCR processed payment to Plaintiff on January 3, 2022, and Plaintiff confirmed receipt of the settlement funds by letter dated February 14, 2022, postmarked on February 15, 2022.  (Doc. Nos. 82-1 at 9, 11-13).  Based upon a review of the docket and the uncontroverted evidence submitted by Defendants, Defendants deposited $2,000.00 into Plaintiff's inmate trust fund account <u>before</u> the 180 days expired on February 28, 2022,[1] and therefore did not breach the settlement agreement.

Accordingly, it is **RECOMMENDED**:

Plaintiff's motion to find Defendants in breach of settlement agreement (Doc. No. 80) be

---

[1] Notably the settlement agreement informed Plaintiff that "CDCR will make a **good faith effort** to pay the settlement amount (minus any restitution amounts, liens and fees) within 180 days from the date Plaintiff delivers to Defendants a signed settlement agreement."  (Doc. No. 82-1at 5 ¶4) (emphasis added).

DENIED.

**NOTICE TO THE PARTIES**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: April 22, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3